PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH CAIMONA, | ) |
| | ) CASE NO. 4:18CV785 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| OHIO CIVIL SERVICE EMPLOYEES | ) |
| ASSOCIATION, *et al.*, | ) **MEMORANDUM OF OPINION AND** |
| | ) **ORDER** |
| Defendants. | [Resolving ECF No. 18] |

Pending before the Court is Defendants Ohio Civil Service Employees Association, AFSCME, Local 11, AFL-CIO ("OCSEA"), Christopher Mabe, Buffy Andrews, and Douglas Sollitto's Motion to Dismiss Plaintiff's Complaint and Amended Complaint. ECF No. 18. Plaintiff Joseph Caimona has not responded, and the time to do so has passed.[1] For the reasons that follow, the Court denies Defendants' motion.

**I. Background**

OCSEA hired Plaintiff as a political mobilization staff representative on October 19, 2015. ECF No. 7 at PageID #: 101. Plaintiff alleges that, during the course of his employment

---

[1] Though Plaintiff's failure to file a response is regrettable, the Court must still evaluate the merits of Defendants' motion to dismiss. *See Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003) (". . . the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim."); *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("Consequently, even if a plaintiff does not file a response to a motion to dismiss . . . the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").

(4:18CV785)

with OCSEA, he was sexually harassed by Andrews, his supervisor. *Id.* Plaintiff also asserts that he received an anonymous note indicating that Sollito misappropriated OCSEA funds. *Id.* at PageID #: 102. Plaintiff avers that he reported Andrews' misconduct and Sollito's misappropriation of funds to OCSEA supervisory staff. *Id.* He alleges OCSEA never investigated his allegations. *Id.* Rather, Plaintiff claims he was harassed by Andrews, Sollito, and Mabe until he was terminated on June 13, 2017. *Id.* at PageID #: 103.

Plaintiff filed a grievance with his union, Public Employees Representative Union Local 5 ("Union"). *Id.* On October 8, 2017, OCSEA notified Plaintiff of Union's decision not to take Plaintiff's grievance to arbitration. *Id.* at PageID #: 103-04.

Plaintiff filed a Charge of Discrimination against OCSEA with the Ohio Civil Rights Commission on July 31, 2017. ECF No. 1-2 at PageID #: 65. In his charge, Plaintiff checked boxes indicating he believed he suffered discrimination and retaliation because of his sex, resulting in discipline, harassment, hostile work environment, emotional distress, and termination. *Id.* Plaintiff also provided a statement of facts in support of his claims. *Id.* On January 17, 2018, Plaintiff received a Dismissal and Notice of Rights from the Equal Employment Opportunity Commission ("EEOC"). *Id.* at PageID #: 63.

Plaintiff filed suit against Defendants, Union, Union President Jeff Freeman, and Prudential Insurance Company of America on April 7, 2018. ECF No. 1. Plaintiff did not serve Defendants with the summons and complaint as required under Fed. R. Civ. P. 4(m). ECF No. 4.

On July 30, 2018, the Court ordered Plaintiff to show good cause why service of the summons and complaint was not made within 90 days after the filing of the complaint. *Id.* In

(4:18CV785)

response, Plaintiff filed a Submission of Cause for the Delay in Service of Summons on August 13, 2018. ECF No. 8. In his Submission of Cause, Plaintiff claims that, due to financial and emotional difficulties, he was unable to assist counsel in the timely prosecution and preparation of the Amended Complaint. *Id.* Plaintiff does not explain why he never perfected service. *Id.*

Plaintiff filed his Amended Complaint on August 8, 2018. ECF No. 7. Defendants were served with copies of the summons and Amended Complaint on August 13, 2018. ECF No. 9. To date, Plaintiff has not served the original Complaint. Defendants filed a motion to dismiss both the Complaint and the Amended Complaint. ECF No. 18.

**II. Discussion**

Defendants allege that the Court should dismiss Plaintiff's Amended Complaint due to Plaintiff's failure to comply with Fed. R. Civ. P. 15.[2] In the alternative, Defendants aver that Plaintiff's claims in his Amended Complaint under Title VII of the Civil Rights Act of 1964 and Section 301 of the Labor Management Relations Act are barred by the statute of limitations. Finally, Defendants assert that Plaintiff did not meet his burden of establishing good cause for his failure to serve the original summons and complaint within 90 days of filing the Complaint, as required under Fed. R. Civ. P. 4(m). Plaintiff contends that the Court should therefore dismiss the original Complaint.

**A.   Fed R. Civ. P. 15**

Fed. R. Civ. P. 15(a) provides, in pertinent part:

---

[2] Defendants bring this motion under Rule 12(b). The Court construes this as a motion to strike the Amended Complaint under Rule 12(f).

3

(4:18CV785)

> AMENDMENTS BEFORE TRIAL.
> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
>> (A) 21 days after serving it, or
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier.
>
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> \* \* \* \*

Plaintiff filed his original Complaint on April 7, 2018. ECF No. 1. He has not served his original Complaint. ECF No. 18 at PageID #: 249. It is therefore unsurprising that Defendants did not serve Plaintiff with a responsive pleading or Rule 12 motion prior to Plaintiff's amendment of his Complaint. Plaintiff filed his Amended Complaint on August 8, 2018. ECF No. 7. Because Defendants did not serve a responsive pleading or Rule 12 motion prior to Plaintiff's filing of his Amended Complaint, Plaintiff complied with Fed. R. Civ. P. 15(a)(2).

Defendants urge that the Court dismiss Plaintiff's Amended Complaint because Plaintiff never served the Complaint and waited 124 days after the original Complaint was filed before amending his Complaint. Defendants rely on *Koplow v. Watson*, a district court case from Massachusetts. In *Koplow*, the plaintiff never served the original complaint on the defendants, and the defendants did not file an answer or Rule 12 motion. *Koplow v. Watson*, 751 F. Supp. 2d 317, 322 (D. Mass. 2010). The plaintiff amended his complaint 144 days after filing his original complaint. *Id.* The court noted that, while "no case law on point exists, this court concludes that Plaintiff's complete failure to serve the *Complaint* on Defendants does not give Plaintiff free rein to amend the *Complaint* whenever he wishes." *Id.* The court barred the plaintiff from amending

4

(4:18CV785)

his complaint. *Id.*

The Court does not find *Koplow* persuasive.³ First, *Koplow* contradicts Sixth Circuit precedent. The Sixth Circuit has held that Rule 15(a) gives plaintiffs an "absolute right to amend their complaint one time before a responsive pleading is served." *In re Alfes*, 709 F.3d 631, 639 (6th Cir. 2013) (quoting *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 420 (6th Cir. 2000)). In contrast, the *Koplow* court dismissed the amended complaint, even though a responsive pleading had not been served and the plaintiff had not served his complaint. Following *Koplow* would necessarily divest Plaintiff of this absolute right. Moreover, a plaintiff's right to amend her complaint is constricted by Rule 4(m). Under Rule 4(m), a plaintiff has 90 days to perfect service of the summons and complaint. Any amendment as a matter of course must be made within 21 days following service of an answer or Rule 12 motion. Fed. R. Civ. P. 15(a)(2). Rule 4(m) ensures that a plaintiff cannot indefinitely delay service under Rule 15(a) to preserve her right to amend the complaint.⁴

Plaintiff has accordingly complied with Rule 15(a). Defendants' Motion to Strike the Amended Complaint for failure to comply with Rule 15(a) is denied.

**B. Statute of Limitations**

In the alternative, Defendants argue for dismissal of Plaintiff's claims in his Amended

---

³ Notably, no court has since followed *Koplow* in this interpretation of Rule 15(a).

⁴ The 90-day-time period under Rule 4(m) may be enlarged if the plaintiff shows good cause for failure to timely perfect service, or if the court, in its discretion, chooses to do so. Fed. R. Civ. P. 4(m). Nonetheless, this does not give a plaintiff "free rein" under Rule 15(a) to amend the complaint at any time.

5

(4:18CV785)

Complaint under Title VII of the Civil Rights Act of 1964 and Section 301 of the Labor Management Relations Act. ECF No. 18 at PageID #: 251-52. Defendants contend that Plaintiff did not make "any claim of discrimination based on sexual harassment and retaliation" in his original Complaint. *Id.* at PageID #: 250. Defendants urge that dismissal of Plaintiff's claims under Title VII is appropriate because these counts were raised for the first time in Plaintiff's Amended Complaint, and the Amended Complaint was filed after the expiration of the statute of limitations under Title VII. Additionally, Defendants claim that, because Plaintiff never served his original Complaint, Defendants did not receive notice of Plaintiff's claims under Section 301 of the Labor Management Relations Act until Plaintiff served his Amended Complaint, 123 days after the expiration of the six month statute of limitations.

### 1. Title VII

Under Title VII, an aggrieved party must bring an action within 90 days after receiving a Notice of Right to Sue. 42 U.S.C. § 2000e-5(f)(1). An amendment to a complaint may nevertheless relate back to the date of the original complaint when (1) the law that provides the applicable statute of limitations allows relation back and (2) the amendment asserts a claim that arose out of the same conduct, transaction, or occurrence as set forth in the original complaint. Fed. R. Civ. P. 15(c)(1). Title VII claims brought in an amended complaint may relate back to the original complaint. *See Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 548 (6th Cir. 2013) (analyzing Title VII claims under the relation back doctrine).

To arise out of the same conduct, transaction, or occurrence, the amendment must be based on the same "core of operative facts" as set forth in the original complaint. *Mayle v. Felix,*

6

(4:18CV785)

545 U.S. 644, 659 (2005). A party may add "even a new legal theory in an amended pleading as long as it arises out of the same transaction or occurrence." *Miller v. Am. Heavy Lift Shipping,* 231 F.3d 242, 248 (6th Cir. 2000). The relation back doctrine should be liberally applied. *Hall v. Spencer Cty., Ky.*, 583 F.3d 930, 934 (6th Cir. 2009) (quoting *Miller*, 231 F.3d at 248).

Applying these standards, Plaintiff's claims in his Amended Complaint under Title VII relate back to the original Complaint. In his original Complaint, Plaintiff alleges Defendant Andrews "had taken an interest in him sexually" and "would brush her breast up against him, and make it look like an accident; she would assign him to jobs where he would have to spend the night, and in the same places that she would be at; she would entreat him to come up to her room." ECF No. 1 at PageID #: 5. Plaintiff avers that these actions resulted in his frustration and humiliation, and that the conduct was unwelcome. *Id.* Plaintiff claims that he then reported Andrews' conduct to OCSEA supervisors, who "never did anything about it." *Id.* Finally, he asserts that Defendants subsequently harassed and eventually terminated him. *Id.* at PageID #: 6-7. These allegations provide factual support for Plaintiff's claims in his Amended Complaint of sexual harassment, retaliation for reporting sexual harassment, and failure to prevent sexual harassment. Because the relation back doctrine applies, Plaintiff's Title VII claims in his Amended Complaint are not barred by the statute of limitations.

**2.     Section 301 of the Labor Management Relations Act**

A claim against an employer for failure to exhaust contractual remedies in violation of the collective bargaining agreement must be brought together with a claim against the union for breach of the duty of fair representation in handling the employee's grievance. *Vaca v. Sipes,*

7

(4:18CV785)

386 U.S. 171, 186 (1967). Together, these claims are construed as an action under Section 301 of the Labor Management Relations Act, codified at 29 U.S.C. § 185. *Id.* An action under 29 U.S.C. § 185 is subject to a six month statute of limitations. *DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 170-72 (1983).

Defendants admit that Plaintiff filed the original Complaint within the statute of limitations for his Section 301 claim. ECF No. 18 at PageID #: 252. Defendants claim that, because Plaintiff failed to serve the Complaint, and because Plaintiff served the Amended Complaint 123 days after the expiration of the six month statute of limitations, Plaintiff's claims under Section 301 in his Amended Complaint are time-barred.

Defendants' argument must fail. First, Plaintiff's failure to perfect service has no bearing on whether the claims in the Amended Complaint relate back to the date of the original Complaint. Nor do Defendants provide any legal basis for this argument. The original Complaint, timely filed within the statute of limitations, alleges a claim against OCSEA for violating the collective bargaining agreement and a claim against Union for breaching its duty of fair representation. ECF No. 1 at PageID #: 8. In support, Plaintiff alleges that he was terminated by OCSEA, that he filed a grievance with Union, and that Union refused to pursue his grievance to arbitration. *Id.* at PageID #: 7. He also attaches a copy of the OCSEA/Union collective bargaining agreement. ECF No. 1-1. Plaintiff's Section 301 claim in his Amended Complaint are based on these operative facts, and must relate back.

(4:18CV785)

Accordingly, the Court denies Defendants' motion to dismiss under Rule 12(b)(6).[5]

**C.     Failure to Timely Perfect Service**

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) address departures from the proper procedures for serving the summons and complaint and the contents of the former. *See* Fed. R. Civ. P. 12(b)(4), 12(b)(5). A Rule 12(b)(4) motion "concerns the form of process rather than the manner or method of service . . . [and] is proper only to challenge non-compliance with the provisions of Rule 4." *Ericson v. Pollack*, 110 F. Supp. 2d 582, 584 (E.D. Mich. 2000) (internal citations omitted). A Rule 12(b)(5) motion challenges the mode of serving the summons and complaint. *See Nafziger v. McDermott Inter., Inc.*, 467 F.3d 514, 520-21 (6th Cir. 2006). The procedural requirements for proper service are set forth in Fed R. Civ. P. 4.[6]

Under Rule 4, service must be perfected upon a defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). If the plaintiff has not completed service within 90 days, the Court must first determine whether the plaintiff has shown good cause for failing to timely effect service. *Id.*; *Nafziger*, 467 F.3d at 521. If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). If the plaintiff

---

[5] Defendants bring this motion under Rule 12(b)(1). A motion to dismiss due to the expiry of the statute of limitations is effectively a motion to dismiss for failure to state a claim because the action is time-barred. *Frame v. City of Arlington*, 657 F.3d 215, 239-240 (5th Cir. 2011); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

[6] The United States Supreme Court explained that the central function of service of process under Rule 4 is to "supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *See Henderson v. United States*, 517 U.S. 654, 671 (1996).

(4:18CV785)

does not show good cause, the court may still, in its discretion, order that service be made within a specified time. *Id.*; *Warrior Imports Inc. v. 2 Crave*, 317 F.R.D. 66, 69-70 (N.D. Ohio 2016) (Lioi, J.).

### 1. Good Cause

Under Rule 4(m), the plaintiff bears the burden of establishing that there was good cause for a failure to perfect service within 90 days after the complaint was filed. *Nafziger*, 467 F.3d at 521; *see also Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994) (discussing the standard under former Rule 4(j)). Good cause necessitates a demonstration of why service was not made within the 90 day time period. *Habib*, 15 F.3d at 73.

The Court ordered Plaintiff to show good cause why service of the summons and complaint was not made within 90 days after the filing of the Complaint. ECF No. 4. In response, Plaintiff filed a Submission of Cause for the Delay in the Service of Summons. ECF No. 8. In his Submission of Cause, Plaintiff claims that his assistance of counsel in preparing and prosecuting this case has resulted in emotional and physical difficulty. *Id.* at PageID #: 178. Plaintiff attaches a statement with his signature in which he alleges that "[f]or several months he [has] been physically ill as well as emotionally overwhelmed and [has] not been in contact with [his] attorney." *Id.* at PageID #: 180.

Plaintiff's Submission of Cause does not demonstrate why service was not timely made. Arguably, Plaintiff's physical and emotional difficulty could explain any delay in filing the Complaint. As Plaintiff notes, he had difficulty assisting counsel in the "timely prosecution and preparation" of the case. *Id.* at PageID #: 178. But that is not the issue in front of the Court.

10

(4:18CV785)

Rather, the issue is why service was not timely perfected within 90 days after the filing of the Complaint. Plaintiff does not explain how his physical and emotional difficulties caused his counsel to fail to attempt service on any of the Defendants or request an extension of time to perfect service.[7] Nor has Plaintiff attempted to provide an explanation in his Amended Complaint. ECF No. 7. Moreover, Plaintiff could have filed a response to Defendants' Motion to Dismiss to explain how his Submission of Cause established good cause for his failure to serve. He did not.

Accordingly, Plaintiff has not demonstrated good cause under Rule 4(m).

### 2. Discretionary Extension

Even without good cause, a district court may exercise its discretion to enlarge the time by which service can be perfected.[8] Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment ("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."); *e.g.*,

---

[7] The Sixth Circuit has held that a *pro se* plaintiff's medical incapacitation could be considered for a showing of good cause for failure to perfect service. *Habib*, 15 F.3d at 75. Plaintiff is not *pro se*, and *Habib* is therefore distinguishable.

[8] The Court has found one case within the Northern District of Ohio in which a court determined that, absent good cause, Rule 4(m) compels dismissal. *Powell v. Med. Dep't Cuyahoga Cty. Corr. Ctr.*, No. 17-1302, 2018 WL 3241243, at *2 (N.D. Ohio July 3, 2018) (Gwin, J.). *Powell* cites *Nafziger v. McDermott Intern., Inc.* as authority supporting this interpretation. While the Sixth Circuit in *Nafziger* noted that Rule 4(m) required "[d]ismissal of the action . . . unless the 'plaintiff shows good cause,'" the issue in front of the court was not whether the district court could grant a discretionary extension for service without a showing of good cause. *Nafziger*, 467 F.3d at 521. Rather, the issue was whether the district court abused its discretion in finding no good cause for failure to timely serve the defendants. *Id.* Accordingly, the Sixth Circuit's interpretation of whether Rule 4(m) requires dismissal absent good cause is dictum.

(4:18CV785)

*Warrior Imports, Inc.*, 317 F.R.D. at 69-70; *Tanksley v. Tennessee Valley Authority*, No. 16-487, 2017 WL 6391473, at *6 (E.D. Tenn. Dec. 14, 2017); *see also Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (noting, in dicta, that courts may discretionarily enlarge the time for service even without good cause); *Dunham-Kiely v. United States*, No. 8-114, 2010 WL 1882119, at *3 (E.D. Tenn. May 11, 2010) ("Most courts of appeal also recognize that Rule 4(m) gives district courts the discretion to allow a case to go forward in the absence of 'good cause.' . . . Courts within the Sixth Circuit also agree.") (citations omitted). In determining whether to exercise this discretion, courts consider:

> (1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff[;] and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Warrior Imports, Inc.*, 317 F.R.D. at 70.

### a. Whether a significant extension was required

Plaintiff has yet to perfect service on any of the Defendants. Plaintiff has only served Defendants with copies of the summons and his Amended Complaint. He filed his Complaint over seven months ago. ECF No. 1. An extension of over four months would be required in order for Plaintiff's service of process to be designated as timely. Because a significant extension of time is required, the first factor supports dismissal.

### b. Whether an extension would prejudice Defendants

Defendants have not argued how an extension would cause them prejudice. Because the Court cannot ascertain how Defendants would be prejudiced by an extension of time, other than

12

(4:18CV785)

by the inherent prejudice in having to defend the suit, this factor supports permitting late service.

### c. Whether Defendants had actual notice

Defendants were never served with a copy of the initial Complaint. Instead, Defendants were served with copies of the summons and Amended Complaint on August 13, 2018, 128 days after the Complaint was filed, and well after the expiration of the 90 days allotted under Rule 4(m). Accordingly, this factor weighs in favor of dismissal.

### d. Whether a dismissal would substantially prejudice Plaintiff

An extension of time may be justified "if the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment. Courts have typically given this factor the most weight. *E.g.*, *Tanksley*, 2017 WL 6391473, at *6; *Workman v. Univ. of Akron*, No. 16-156, 2017 WL 1113332, at *4 (N.D. Ohio Mar. 24, 2017) (Lioi, J.).

A dismissal without prejudice would result in the expiration of the statute of limitations for Plaintiff's claims under Section 301 of the Labor Management Relations Act and Title VII of the Civil Rights Act of 1964. An action under Section 301 is subject to a six month statute of limitations. *DelCostello*, 462 U.S. at 170-72. An action under Title VII must be brought within 90 days after receiving a Notice of Right to Sue. 42 U.S.C. § 2000e3-5(f)(1). Plaintiff's original Complaint was filed on April 7, 2018, before the statute of limitations had run on his Section 301 and Title VII claims. Plaintiff's Amended Complaint was filed well after that time. Accordingly, dismissal would preclude Plaintiff from bringing his claims under Section 301 and Title VII, resulting in substantial prejudice. This factor weighs heavily in favor of extension.

13

(4:18CV785)

### e. Whether Plaintiff made any good faith efforts at proper service

There is nothing in the record suggesting that Plaintiff ever made a timely effort to perfect service on Defendants. Plaintiff served Defendants with copies of the summons and Amended Complaint on August 13, 2018, well after the 90 days allotted under Rule 4(m). This factor supports dismissal.

### f. Weighing of factors

The Court finds that the second and fourth factors support the granting of an extension of time, and the first, third, and fifth factors support dismissal. The Court considers the Sixth Circuit's preference to resolve cases on the merits. *E.g.*, *Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 607 (6th Cir. 1992); *Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000). Moreover, the above factors support the proposition that Plaintiff would be harmed significantly more by a dismissal than Defendants would be harmed by an extension. This is a close call. At this juncture, the Court denies Defendants' motion to dismiss under Rules 12(b)(4) and 12(b)(5).

(4:18CV785)

### III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Complaint and Amended Complaint is denied. Plaintiff is ordered to perfect service of the summons and original complaint on all defendants no later than 14 days after the issuance of this order.

IT IS SO ORDERED.

 December 6, 2018                  */s/ Benita Y. Pearson*
Date                                          Benita Y. Pearson
                                                United States District Judge