PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH CAIMONA, | ) |
| | ) CASE NO. 4:18CV785 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| OHIO CIVIL SERVICE EMPLOYEES | ) |
| ASSOCIATION, *et al.*, | ) **MEMORANDUM OF OPINION AND** |
| | ) **ORDER** |
| Defendants. | [Resolving ECF No. 24] |

Pending before the Court is Defendant The Prudential Insurance Company of America's ("Prudential") Partial Motion to Dismiss Plaintiff's First Amended Complaint and to Strike the Prayer for Exemplary Damages as to Plaintiff's Claims Against Prudential. ECF No. 24. Plaintiff Joseph Caimona has not responded, and the time to do so has passed.[1] For the reasons that follow, the Court grants Defendant's motion.

**I. Background**

Plaintiff was hired by the Ohio Civil Service Employees Association, AFSCME, Local 11, AFL-CIO ("OCSEA") as a political mobilization staff representative on October 19, 2015.

---

[1] Though Plaintiff's failure to file a response is regrettable, the Court must still evaluate the merits of Defendant's motion to dismiss and motion to strike. *See Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003) ("... the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim."); *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("Consequently, even if a plaintiff does not file a response to a motion to dismiss ... the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").

(4:18CV785)

ECF No. 7 at PageID #: 101. During Plaintiff's employment with OCSEA, Defendant Prudential was the administrator of a disability benefits plan under a collective bargaining agreement between OCSEA and union Public Employees Representative Union Local 5. *Id.* at PageID #: 99. Plaintiff alleges that, some time after February 2017, he filed a claim with Defendant Prudential for short-term disability benefits for emotional distress caused by his work environment. *Id.* at PageID #: 103. He avers that the claim was initially granted, and that he was paid benefits up until April 30, 2017. *Id.*

Defendant subsequently denied Plaintiff's claim, refusing to extend Plaintiff's benefits beyond April 30, 2017. *Id.* On November 30, 2017, Plaintiff sent Defendant a letter appealing the decision to terminate his disability benefits. *Id.* at PageID #: 104; ECF No. 7-5. Defendant denied Plaintiff's appeal. ECF No. 7 at PageID #: 110-11.

Plaintiff filed suit against Defendant Prudential and six other defendants on April 7, 2018. ECF No. 1. Plaintiff filed an Amended Complaint against the same seven defendants on August 8, 2018. ECF No. 7. Of the eleven counts asserted in the Amended Complaint, two are against Prudential: Count X for Declaratory Judgment and Count XI for Breach of the Covenant of Good Faith. *Id.* at PageID #: 110-11. In response to the Amended Complaint, Defendant filed a Partial Motion to Dismiss Plaintiff's First Amended Complaint and to Strike the Prayer for Exemplary Damages. ECF No. 24.

**II. Standard of Review**

To survive a Fed. R. Civ. P.12(b)(6) motion to dismiss, a plaintiff's complaint must allege enough facts to "raise a right to relief above the speculative level." *Ass'n of Cleveland Fire*

2

(4:18CV785)

*Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Fed. R. Civ. P. 8(a)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint requires "further factual enhancement," which "state[s] a claim to relief that is plausible on its face." *Id.* at 557, 570. A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, U.S. 550 at 564.

### III. Discussion

Defendant contends that Plaintiff's claims for Declaratory Judgment and Breach of the Covenant of Good Faith are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. § 1001 *et seq*. Accordingly, Defendant asserts that Plaintiff's claim for Declaratory Judgment should be converted to a claim under 29 U.S.C. § 1132(a)(1)(B), and Plaintiff's claim for Breach of the Covenant of Good Faith should be dismissed with prejudice. Additionally, Defendant avers that Plaintiff's claims for exemplary damages against Defendant should be stricken.

**A.** **Preemption of State Claims**

(4:18CV785)

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."[2] 29 U.S.C. § 1144(a). This includes employee welfare benefit plans. *Id.* at § 1002(1). The term "employee welfare benefit plan" includes "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries . . . benefits in the event of . . . disability . . . ." *Id.* A state law relates to an employee benefit plan if it has a connection with or reference to such a plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983).

Plaintiff's claims for Declaratory Judgment and Breach of the Covenant of Good Faith relate to Defendant's administration of an employee short-term disability benefits plan. ECF No. 7 at PageID #: 110-11. Specifically, Plaintiff alleges in his Amended Complaint that he is entitled to disability benefits under the plan and Defendant denied him those benefits. *Id.* at PageID #: 110-11. Defendant's short-term disability benefits plan is an employee welfare benefit plan under ERISA. *See* 29 U.S.C. § 1002(1). The Sixth Circuit has routinely held that ERISA preempts any state law claim arising out of the denial of benefits from an employee benefit plan. *E.g.*, *Nester v. Allegiance Healthcare Corp.*, 315 F.3d 610, 613 (6th Cir. 2003) ("ERISA broadly precludes any state law cause of action which relates to any employee benefit plan."); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991) (breach of contract and related state claims, including breach of good faith, were related to the recovery of benefits for health care services from the administrator of an employee benefit plan, and were therefore preempted by

---

[2] ERISA's preemption clause is subject to numerous statutory exceptions. 29 U.S.C. § 1144(b). None of the exceptions apply.

4

(4:18CV785)

ERISA). Accordingly, Plaintiff's claims against Defendant for Declaratory Judgment and Breach of the Covenant of Good Faith are preempted by ERISA.

**B.      Conversion of Claims**

Before a preempted state claim can be dismissed under ERISA, a district court must first consider whether the claim may be restated as an ERISA claim. *Beeler v. Western Southern Life Ins. Co.*, 247 F. Supp. 2d 913, 919 (S.D. Ohio 2002). To be converted into an ERISA claim, a preempted state claim must fall under the contours of 29 U.S.C. § 1132(a), which provides "the entire universe of civil actions which may be brought under ERISA." *Beeler*, 247 F. Supp. at 919. If the state claim is one which could be raised under Section 1132(a), but is stated as a claim arising under state law, it is completely preempted by ERISA, such that it necessarily states a federal claim. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987). "The complete preemption doctrine does not terminate the claim, but instead forces the plaintiff to proceed subject to the rules of ERISA."[3] *Beeler*, 247 F. Supp. 2d at 920; *see also Nester v. Allegiance Healthcare Corp.*, 162 F. Supp. 2d 901, 905-06 (S.D. Ohio 2001).

Plaintiff's claim for Declaratory Judgment seeks nothing more than the enforcement of his rights under Defendant's short-term disability plan. ECF No. 7 at PageID #: 112. His claim for Breach of the Covenant of Good Faith is substantially similar. Plaintiff alleges that "Defendant breached its duty of good faith and fair dealing to Plaintiff by . . . refusing to pay him disability

---

[3] The Eleventh Circuit interprets complete preemption to "wholly eliminate[s] state law claims, leaving plaintiffs only the causes of action expressly provided for in the ERISA civil enforcement provisions." *Amos v. Blue Cross-Blue Shield of Alabama*, 868 F.2d 430, 432 (11th Cir. 1989). Either approach would result in the claims going forward under 29 U.S.C. § 1132(a), rather than under state law.

5

(4:18CV785)

benefits as a result of the disability he suffered." *Id.* at PageID #: 111. As he does in his claim for Declaratory Judgment, he seeks enforcement of his rights under Defendant's short-term disability plan. *Id.* at PageID #: 112.

Both claims are completely preempted by ERISA. *See* 29 U.S.C. § 1132(a)(1)(B) (authorizing suit by plan participants or beneficiaries seeking to enforce rights under the terms of the plan); *see also Beeler*, 247 F. Supp. 2d at 920 (breach of contract claim only seeking the enforcement of rights under the employee benefit plan can be construed as an ERISA claim under Section 1132(a)(1)(B)). Plaintiff's two claims under state law are "really a claim by [an] ERISA plan [participant] for ERISA plan benefits arising under 29 U.S.C. § 1132(a)(1)(B)."[4] *Nester*, 162 F. Supp. 2d at 906. Accordingly, Plaintiff's two claims under state law against Defendant are treated as a single claim under 29 U.S.C. § 1132(a).

### C. Striking Plaintiff's Request for Exemplary Damages

ERISA's civil enforcement remedies are exclusive and "so preempt state law remedies." *Valrhola v. Doe*, 820 F.2d 809, 817 (6th Cir. 1987); *see Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987). ERISA does not authorize recovery of exemplary damages. *Valrhola*, 820 F.2d at 817. Accordingly, Plaintiff, through his Prayer for Relief in his Amended Complaint, improperly requests exemplary damages against Defendant. The request for exemplary damages in the Prayer for Relief is stricken.

---

[4] Defendant argues Plaintiff's Declaratory Judgment claim should be converted into a claim under 29 U.S.C. § 1132(a) and his Breach of the Covenant of Good Faith claim should be dismissed with prejudice. By treating the two preempted state law claims as a single claim under 29 U.S.C. § 1132(a) and by striking Plaintiff's request for exemplary damages, the result is the same.

6

(4:18CV785)

## IV. Conclusion

For the foregoing reasons, Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint and to Strike the Prayer for Exemplary Damages as to Plaintiff's Claims Against Prudential is granted. Plaintiff's claims for Declaratory Relief and Breach of the Covenant of Good Faith are treated as a single claim under 29 U.S.C. § 1132(a). Plaintiff's request for exemplary damages against Defendant in his Prayer for Relief in the Amended Complaint is stricken.

IT IS SO ORDERED.

 December 6, 2018           */s/ Benita Y. Pearson*
Date          Benita Y. Pearson
         United States District Judge